(13 App. Div. 210.)

### ZIMMERMANN et al. v. GERZOG.

(Supreme Court, Appellate Division, Second Department. January 29, 1897.)

INJUNCTION—BREACH OF CONTRACT.

An injunction will be granted against the breach by defendant of a covenant in a contract for the sale of his business to plaintiff that he would not enter into a similar business within a radius of 450 miles for 10 years from the date of the sale, where defendant was insolvent, though the contract stipulated for the payment of a certain sum as "liquidated and agreed damages," in case of a breach of such covenant.

Appeal from court of common pleas, equity term.

Action by Moses Zimmermann and Edward Guckenheimer against George Gerzog for breach of contract. The appeal was transferred to the Second department. From a judgment dismissing the complaint on the merits, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Samuel D. Levy, for appellants.
Gibson Putzel, for respondent.

HATCH, J. The purpose of this action is to obtain an injunction restraining the defendant from engaging in the provision business, and in the manufacturing of bolognas or sausages, or trafficking therein, within a radius of 450 miles of the city and county of New York, for a period of 10 years from the 17th day of March, 1893. The complaint alleged, inter alia: That heretofore, and on March 17, 1893, the plaintiffs and the defendant entered into a written agreement whereby the defendant sold and transferred to the plaintiffs and to their successors and assigns the good will of the defendant's provision business and manufactory of bolognas or sausages. That

said good will consisted of a large number of customers, who were in the habit of dealing with the defendant at his said place of business, No. 20 Avenue C, in the city of New York. The consideration for such sale was the sum of $10,283.95, which the plaintiffs paid as stipulated. That in consideration of such payment the defendant covenanted in said written agreement that he would not enter into any provision or sausage or bologna business within the said radius of 450 miles of the city and county of New York within a period of 10 years from the date of said agreement, and that he would abstain from all competition with said plaintiffs in such business during said period. That plaintiffs promised to employ the defendant in and about their business during the aforesaid period for and at the agreed price of $2,800 per annum, and said defendant thereupon entered upon such employment in pursuance of such agreement. That plaintiffs thereafter continued to conduct said business. That all of defendant's said customers, on account of such transfer, dealt with the plaintiffs. That thereafter the defendant, in violation of said agreement, left the employ of the plaintiffs, established a rival business in said city of New York, and entered into competition with these plaintiffs in the provision business and manufacture of bolognas or sausages, and is irreparably injuring plaintiffs in their said business. That maliciously and willfully, and with intent to injure and destroy the benefits obtained by the plaintiffs under said agreement, the defendant has solicited customers to cease purchasing the said goods of plaintiffs, and has induced and lured away from plaintiffs some of their customers, and is now engaged in soliciting customers to leave plaintiffs, and trade with him. That the sales by plaintiffs to the customers which came to them by virtue of the purchase and agreement amounts to many thousands of dollars annually. That the defendant is wholly insolvent, and irresponsible, and unable to answer in damages for his breach of contract. By stipulation at the trial the agreement was made a part of the complaint. The defendant answered, denying certain allegations of the complaint, and for an affirmative defense averred that the plaintiffs had violated the terms of the agreement, and that the same had been rescinded by acts of the parties, and was no longer in force; that after such rescission the defendant formed a partnership with another person for the prosecution of the same business carried on by plaintiffs, and for the manufacturing of bolognas and sausages. The agreement is also made a part of the answer, and is set out in the record in full. So far as material to the present question, the allegations of the complaint contain the substance of the agreement.

In the disposition of the questions presented by this appeal it is not necessary to refer more specifically to the agreement itself than we have already done, except as will be hereafter noted. The execution of the agreement is admitted. The violation of its terms by the defendant is not disputed, assuming it to be still in force. We are, therefore, to consider the question to what relief, if any, plaintiffs were entitled upon the case made by the complaint. By the twelfth clause of the agreement defendant engaged himself not to "enter into any other business or enterprise, or become in any way or manner

interested in any other business, without consent in writing of the parties of the second part [plaintiffs], their successors or assigns, first had and obtained.    Thirteenth. And the party of the first part further covenants and agrees that he will not enter into any provision or sausage or bologna business, whether carried on by a natural person, corporation, joint-stock company, or any other person or persons, within a radius of four hundred and fifty miles of the city and county of New York, within a period of ten (10) years from the day of the date hereof, either as superintendent, director, manager, officer, agent, employé, or employer, or in any other individual or representative capacity whatsoever.    And in the event of a breach of the covenants hereof by the party of the first part, he will pay to the parties of the second part, their successors or assigns, the sum of five thousand dollars ($5,000), which is hereby covenanted shall be the liquidated and agreed damages for a breach of said covenants, and, in addition thereto, forfeit all rights, privileges and emoluments under this contract."    The court below held that plaintiffs were not entitled to any equitable relief as against the defendant.    This ruling is now sought to be supported upon the ground that, plaintiffs having fixed the penalty which should attach in the event of a breach of the agreement, they are limited to that measure of indemnity, and are not entitled to equitable relief.    The learned counsel for the defendant recognizes the stress of the situation, for he concedes that when, by the terms of an agreement, a sum in money is agreed upon as damages for the breach, it does not follow that such remedy is exclusive, unless such conclusion appears to have been the intention of the parties.    The law applicable to cases of this character has received exhaustive consideration by the court of appeals, and, as we think, the adjudications cover every feature of the case now before us.    This case, in all essential features, is governed by that of Diamond Match Co. v. Roeber, 106 N. Y. 473, 13 N. E. 419. There, as here, the agreement was not to engage in business which would bring the defendant into competition with plaintiffs in the business which the former had sold.    There, as here, there was a covenant and stipulation for liquidated damages in the event of a breach of the contract by the defendant, and the point was made that the remedy to enforce the clause for money damages was exclusive of any other.    Such claim was pronounced unsound by the court, and the equitable relief by injunction granted by the court below was upheld.    Numerous authorities lead to a like result. Match Co. v. Roeber, 35 Hun, 421; Phœnix Ins. Co. v. Continental Ins. Co., 87 N. Y. 400.    It is quite clear, from a consideration of all the clauses of this agreement, that plaintiffs sought to get the entire benefit of defendant's business which it purchased, and to secure the services of defendant himself in connection with it.    It was the performance of the entire contract that was contemplated, and not a mere stipulation for damages for its breach, in consequence of which the damages stipulated for would not secure the result sought to be secured by its terms, and it is on account of this feature that equity lays hold of the agreement and enforces it.    Lewis v. Gollner, 129 N. Y. 227, 29 N. E. 81; Francisco v. Smith, 143 N. Y. 488, 38 N. E.

980; Phœnix Ins. Co. v. Continental Ins. Co., supra. There is another feature of this case which makes it still stronger. The complaint alleges that the defendant is wholly insolvent, irresponsible, and unable to respond in damages, and that an action at law would, therefore, be an inadequate remedy. If the remedy was limited to the sum provided as damages, and it should appear that the defendant was wholly unable to respond therein, it is quite probable that equity would take cognizance to the extent of enjoining the defendant from prosecuting the business which constituted the breach until the damages should be paid. But in this case plaintiffs are not limited in remedy, and, if they establish the case as it is alleged in the complaint, they will become entitled to the relief sought.

It follows that the judgment appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur.